UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

AMY RUTH COZART-LUNDIN and,
ANDREA MARIE COZART-LUNDIN,

        Debtors.

_____/

Case No. DK 22-02296
Hon. Scott W. Dales
Chapter 13

AMY RUTH COZART-LUNDIN and,
ANDREA MARIE COZART-LUNDIN,

        Plaintiffs,

v.

LOANCARE, LLC and LAKEVIEW LOAN
SERVICING, LLC,

        Defendants.

_____/

Adv. Pro. No. 24-80080

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

      Debtors Amy Ruth Cozart-Lundin and Andrea Marie Cozart-Lundin (the "Plaintiffs") initiated an adversary proceeding against Lakeview Loan Servicing, LLC ("Lakeview")[1] by filing their complaint on November 1, 2024 (the "Original Complaint," ECF No. 1). Approximately seven weeks later, the Plaintiffs amended the Original Complaint and filed their Complaint for Violation of Automatic Stay and Damages (the "Amended Complaint," ECF No. 8), on December 20, 2024. Lakeview did not answer or move against the Original Complaint, but instead filed a motion to dismiss the Amended Complaint (the "Motion"),[2] asserting the doctrine of claim

_____

[1] Co-defendant Loancare, LLC, services the Plaintiffs' mortgage for Lakeview. For convenience, the court will refer to both Defendants collectively as "Lakeview." Today's decision applies to all parties.
[2] *See* Lakeview Loan Servicing, LLC's Motion to Dismiss Plaintiff's Adversary Complaint (ECF No. 18).

preclusion as a bar to the Plaintiffs' action. The Plaintiffs did not oppose the Motion within the prescribed time, and the court will grant it for the reasons set forth below.

The Plaintiffs, as represented debtors, filed for relief with this court under chapter 13 on November 8, 2022, proposing a plan that addressed Lakeview's mortgage claim, including the prepetition arrearage. After the court confirmed their plan, however, they parted ways with their then-counsel and have persistently engaged in litigation against Lakeview as recounted in the Memorandum of Decision and Order entered in the Plaintiffs' base case (the "Prior Order," Case No. 22-02296-swd, ECF No. 145). The Prior Order resolved a contested matter, which the court treated as a combined claim objection and contempt motion, in favor of Lakeview. The prior proceedings involved the same core facts and allegations the Plaintiffs raise in this adversary proceeding. For this reason, Lakeview predictably[3] asserts claim preclusion as a defense to the Plaintiffs' Original Complaint and Amended Complaint.

First, the court should clarify a procedural point regarding the effect of filing the Amended Complaint. A party may amend a complaint, pursuant to Fed. R. Civ. P. 15,[4] within twenty-one days after service if a responsive pleading is required. The Original Complaint indeed required a responsive pleading from the Defendants but from the absence of any proof of service in the docket, the court infers the Plaintiffs did not serve their original pleading. Because the 21-day amendment period under Rule 15 did not expire before the Plaintiffs amended the Original Complaint, the court regards the Amended Complaint as timely filed. A final procedural observation: under settled authority, the Amended Complaint supersedes the Original Complaint. *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008).

The Original Complaint and the Amended Complaint share overlapping, but not identical, allegations against Lakeview. In fact, the amendment narrows the Plaintiffs' allegations, focusing attention not on Lakeview's claim, but on the alleged automatic stay violations. (Amended Complaint at 2, ECF No. 8). Unfortunately for the Plaintiffs, as the Defendants argue in their Motion, the Prior Order in their main bankruptcy case resolved their remaining claims against

---

[3] In earlier orders entered in the Plaintiffs' main bankruptcy case, the court noted the overlapping issues and warned the parties about the role that preclusion doctrines would play in their dispute.

[4] The rules of Part VII of the Federal Rules of Bankruptcy Procedure incorporate most of the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 15(a)(1)(B), pertaining to "Amended and Supplemental Pleadings." In the text of this opinion, a reference to any "Rule" is to the Federal Rules of Civil Procedure.

Lakeview, after considering the same factual allegations and evidentiary submissions.[5] The Amended Complaint contains even fewer descriptive factual assertions against Lakeview than in the previous contested matter.

Claim preclusion, or *res judicata*, bars parties from relitigating not only matters that were actually advanced in earlier proceedings, but also "matters that 'should have been advanced in an earlier suit.'" *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984)). In *Wheeler*, the court recited the requirements for claim preclusion as follows: "(1) 'a final judgment on the merits'… (2) 'a subsequent suit between the same parties'… (3) an issue in the second lawsuit that should have been raised in the first… and (4) that the claims in both lawsuits arise from the same transaction." *Id*. These requirements are met, as Defendants argue in their Motion, because the Plaintiffs continue to allege the identical cause of action against Lakeview regarding violations of the automatic stay this court previously rejected. Thus, Lakeview's claim preclusion defense is valid and indeed bars recovery premised on the allegations in the Amended Complaint.[6]

For the foregoing reasons, the court will grant the Motion. And, because the Plaintiffs did not respond to the Motion, and because they have already had the proverbial "bite at the apple" in the claim objection and contempt proceedings, the court perceives no reason to permit any further pleading amendments, given the obvious futility of such an exercise.

The Clerk will enter a separate judgment reflecting this decision as Rule 58 requires.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 18) is GRANTED and the Amended Complaint is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Clerk shall enter a separate judgment consistent with this Memorandum of Decision and Order.

---

[5] The submissions include the alleged post-petition harassment occurring during a phone call between the parties. Lakeview filed a transcript of the call as part of the earlier summary judgment motion  that resulted in the Prior Order. (Case No. 22-02296-swd ECF No. 127, Exhibit B).

[6] The Prior Order resolved the claim objection and, had Plaintiffs not filed their Amended Complaint, would have barred the claim-related allegations set forth in the Original Complaint. *See Brady v. IRS (In re Brady)*, 200 B.R. 178, 180 (Bankr. S.D. Ohio 1996); *cf. In re Porter Dev. Partners, LLC*, 648 B.R. 309, 314–15 (Bankr. S.D. Tex. 2023) (§ 502(j) does not render non-final an order resolving claim objection). Indeed, in our circuit, even a "deemed allowed" claim is entitled to protection under preclusion doctrines. *Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contr., Inc.* 919 F.3d 368, 381 (6th Cir. 2019).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order (and the judgment to be prepared) pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Plaintiffs, Kurt Steinke, Esq., and the United States Trustee (each by first class U.S. Mail), and upon Matthew R. Reinhardt, Esq., through the court's CM/ECF program.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 21, 2025**



Scott W. Dales
United States Bankruptcy Judge